# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| DAVID H. TRIEGER and JANET M. TRIEGER, | § § § | |
| Plaintiffs, | § § | |
| v. | § § § | Civil Action No. 3:19-CV-00100-L |
| OCWEN LOAN SERVICING, LLC and U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE OF NRZ PASS-THROUGH TRUST IX, | § § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Defendant U.S. Bank, N.A., as Trustee's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 9), filed February 1, 2019; Defendant Ocwen Loan Servicing, LLC's Motion to Dismiss (Doc. 17), filed February 28, 2019; Plaintiffs[] David H. Trieger and Janet M. Trieger's Response to Defendant U.S. Bank, National Association, as Trustee's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 21), filed March 8, 2019; and Defendant U.S. Bank, N.A., as Trustee's Brief in Support of its Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 22), filed March 22, 2019.

After carefully considering the motions, briefs, record, and applicable law, the court **grants** Defendant U.S. Bank, N.A., as Trustee's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 9) insofar as it seeks dismissal of Plaintiffs' breach of contract claim and **denies** the motion insofar as it seeks dismissal of Plaintiffs' standing challenge, fraud claim, and alleged violations of the Texas Property Code, Real Estate Settlement Procedures Act ("RESPA") and Texas Debt Collection Act ("TDCA"); **grants** Defendant Ocwen Loan Servicing, LLC's

Motion to Dismiss (Doc. 17) insofar as it seeks dismissal of Plaintiffs' breach of contract claim and RESPA violation asserted against it and **denies** the motion insofar as it seeks dismissal of Plaintiffs' standing challenge, fraud claim, and alleged violations of the Texas Property Code, RESPA, and TDCA; **dismisses without prejudice** Plaintiffs' claims for breach of contract against Defendants; **dismisses with prejudice** their RESPA claim against Ocwen; and **grants** Plaintiffs' request to amend their Petition with respect to their breach of contract claim pursuant to the court's instructions as herein set forth.

## I. Factual and Procedural Background

On September 8, 2004, David H. Trieger and Janet M. Trieger ("Plaintiffs" or the "Triegers") obtained a Texas Home Equity loan and executed a Texas Home Equity Note (the "Note") in the amount of $80,000, which was secured by a Texas Home Equity Security Instrument (the "Deed of Trust" or "Security Instrument") in connection with the property (the "Property") located at 9648 Fallbrook Drive, Dallas, Texas, 75243.[1] Pls.' Pet., Doc. 7-3 at 4-5, ¶ 11. The Note designates Homecomings Financial Network, Inc. as the original lender. Def.'s App., Doc. 11 at 12.[2]

---

[1] The Property is legally described in the official real property records of the Dallas County Clerk's office as: "Being Lot 8 in Block 8/8170, of Town Creek Addition, First Section, an addition to the City of Dallas, Texas, according to the map thereof recorded in Volume 72120, Page 808, Map Records of Dallas County, Texas." Pls.' Pet., Doc. 7-3 at 4, ¶ 10.

[2] Plaintiffs argue that the court should not look to the attachments contained in Defendants' appendices to its Motions to Dismiss because they are not part of the pleadings. In its Motion to Dismiss, U.S. Bank attaches the Application for an Expedited Order Under Rule 736 (the "736 Application") that was filed by Defendants in Dallas County Court on June 27, 2018, as an attempt to non-judicially foreclose on the Property when Plaintiffs defaulted on their loan obligations after emerging from a bankruptcy proceeding. Def.'s App., Doc. 11 at 5. According to U.S. Bank, as reflected in its Appendix, the 736 Application contained several attachments, including: (1) The Texas Home Equity Note executed on September 8, 2004; (2) The Texas Home Equity Security Instrument executed on September 22, 2004; (3) the Corporate Assignment of Deed of Trust from Deutsche Bank to U.S. Bank on May 21, 2018; (4) the Notice of Default; and (5) the Notice of Acceleration of Loan Maturity. U.S. Bank argues that Plaintiffs' Petition attaches the 736 Application but lacks all the exhibits that were filed with the application in court. Def.'s Mot. to Dismiss, Doc. 10 at 3. In Response, Plaintiffs neither deny that they did not include the full attachments to the 736 Application, nor do they contest the accuracy of the full attachments included as exhibits to U.S. Bank's Motion to Dismiss. Plaintiffs, rather, argue that the court should not consider the attachments to the 736 Application because the documents are not central to their claim. "Documents that a defendant attaches to a motion to dismiss are considered

The Triegers allege that, on or about November 13, 2012, Homecomings Financial Network, Inc., by and through its nominee Mortgage Electronic Registration Systems, Inc. ("MERS"), executed and recorded an Assignment of Deed of Trust wherein the Note and Deed of Trust (collectively, the "Loan") was assigned to Deutsche Bank Trust Company Americas ("Deutsche Bank") as Trustee for RALI 2004-QS15 for the full amount of the Loan, namely, $80,000. Pls.' Pet., Doc. 7-3 at 5, ¶ 12. A copy of the Assignment of Deed of Trust is attached to Plaintiffs' Original Verified Petition (the "Petition"). Doc. 7-3 at 49. The Triegers allege that, following this assignment, "there are no other assignment(s) of the Plaintiffs' Loan that have been recorded in the official real property records of the Dallas County Clerk's office." *Id*. at 5, ¶ 13. In other words, Plaintiffs contend that Deutsche Bank is the only valid assignee of the Loan on record in the Dallas County Clerk's office.

The Triegers contend that, on or about late 2012, they entered into an agreement with the Dallas County taxing authorities "to significantly reduce their property taxes because they qualified for an over 65 homestead exception." [3] *Id*. at 5, ¶ 15. They contend that, during that same

---

part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this case, Plaintiffs referred to the 736 Application in their Petition and purport to include a "true and correct copy" of the application as an exhibit to the Petition. Pls.' Pet., Doc. 7-3 at 8, ¶ 25. Moreover, the court determines that the documents attached to Defendants' Motions to Dismiss are "central" to Plaintiffs' claims because they directly bear on the key issue in this case: whether a valid assignment of Plaintiffs' loan, including the Note and Deed of Trust, was made to U.S. Bank that authorized it to initiate judicial foreclosure proceedings with respect to the Property. The court further determines that it may take judicial notice of the full 736 Application, including its attached exhibits, because it is a public document filed in the District Court of Dallas County, Texas. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (citations and internal quotation marks omitted) (It is well-established and "clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record."). The court, accordingly, will consider the aforementioned documents included in Defendants' appendices that comprise the full 736 Application filed in state court. Plaintiffs do not dispute the authenticity of Defendants' attached documents and accordingly, they waive any argument as to their authenticity. Moreover, Plaintiffs incorporate into their Petition the Texas Home Equity Note and the Texas Home Equity Security Instrument included in Defendants' appendices.

[3] Under § 33.06 of the Texas Tax Code, an individual is entitled to defer collection of a tax if he or she is 65 years of age or older, and the tax was imposed against property that the individual owns and occupies as a residence homestead. Tex. Tax Code § 33.06(a)(1)(A) and (a)(2) (West 2015).

year, they suffered a significant financial hardship that caused them to default on their monthly payments towards the Loan. *Id*. at 6, ¶ 16. They were also unable to pay the 2012 property taxes, "but those taxes were already deferred as a result of the homestead exemption agreement that was reached with the Dallas County taxing authorities." *Id*.

On or about early 2013, Plaintiffs contend that they received notice from Defendant Ocwen Loan Servicing, LLC ("Ocwen") that "it had unilaterally, and without any regard for the existing tax defer[ment] agreement that Plaintiffs had made with Dallas County, paid the 2012 property taxes," and that, as a result, it had established an escrow account, "which increased the Plaintiffs' monthly loan payments from $495 per month to an astronomical $1,400 per month." *Id*. at 6, ¶ 17. In response to this notice, Plaintiffs allege that they called Ocwen to request that it cancel the escrow account and allow them to resume making their regular monthly payments of $495. *Id*., ¶ 18. Plaintiffs allege that this request "fell upon completely deaf ears," and Ocwen continued its collection activities as servicer for the loan mortgagee, Defendant U.S. Bank National Association ("U.S. Bank"). *Id*.

The Triegers subsequently filed for bankruptcy on June 26, 2013, in the Northern District of Texas. *Id*. at 7, ¶ 19. Their Chapter 13 bankruptcy plan was confirmed on or about October 2, 2013, and they contend that, pursuant to the plan, they made loan payments to Ocwen in the amount of $695 per month. *Id*. at 8, ¶ 21. On August 30, 2017, the bankruptcy case was terminated. Ocwen subsequently demanded monthly payments for both the regular monthly payment on the Loan and the escrow account payments. *Id*. at 8, ¶ 24.

On June 27, 2018, U.S. Bank filed the Application for an Expedited Order Under Rule 736 on a Home Equity Loan (the "736 Application") in the 160th Judicial District Court of Dallas County, Texas. *Id*. at 8, ¶ 25. In the 736 Application, U.S. Bank asserted that it was the current

mortgagee or mortgage owner of Plaintiffs' Loan, and it requested an order authorizing it to initiate non-judicial foreclosure proceedings on the Triegers' Property. *Id*. at 8-9, ¶ 25. Plaintiffs contend that "neither the [736] Application nor Affidavit attached to the Application filed by Defendants Ocwen and U.S. Bank include or provide a copy of any recorded assignment or transfer of lien instrument of the Plaintiffs' Loan to Defendant U.S. Bank," and it does not reflect that the Note was endorsed to U.S. Bank. *Id*. at 9, ¶ 26. The Triegers contend that the last recorded assignee of the Loan on record is Deutsche Bank, as Trustee, and, therefore, U.S. Bank is not the current mortgagee or owner of the Loan and does not, accordingly, have the authority to initiate foreclosure proceedings on the Property. *Id*.

Plaintiffs further contend that, after the bankruptcy case terminated in August 2017, Defendants never sent them a notice of default and opportunity to cure detailing the exact amount owed to cure the default and providing at least thirty days to cure the default pursuant to paragraph 21 of the Deed of Trust and § 51.002(d) of the Texas Property Code. *Id*. at 9, ¶ 27. In light of Plaintiffs' position that U.S. Bank never received a valid assignment authorizing them to initiate foreclosure proceedings on the Property or direct Ocwen to collect on the Loan, Plaintiffs assert the following claims against Defendants: (1) breach of contract, (2) fraud, (3) violations of the Real Estate Settlement Procedures Act ("RESPA"), and (4) violations of the Texas Debt Collection Act ("TDCA"). Plaintiffs originally filed this action in the 134th Judicial District Court of Dallas County, Texas, and Defendants removed the action to federal court on February 1, 2019, based on diversity jurisdiction. Defs.' Am. Notice of Removal, Doc. 7 at 1-2. On January 11, 2019, U.S. Bank filed a counterclaim against the Triegers seeking a "judgment for judicial foreclosure allowing it to enforce its lien against the Property in accordance with the Security Instrument and Section 51.002 of the Texas Property Code." Def.'s Original Countercl., Doc. 3 at 4.

On February 1, 2019, U.S. Bank filed its Motion to Dismiss (Doc. 9), seeking to dismiss this action on two grounds. First, U.S. Bank asserts that all claims in the Petition should be dismissed against it because, pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), the Triegers have failed to state a claim upon which relief can be granted. U.S. Bank alternatively argues that Plaintiffs' claims should be dismissed based on the doctrine of judicial estoppel because they failed to disclose the bases for their claims during the bankruptcy proceeding.

On February 28, 2019, Ocwen filed its Motion to Dismiss (Doc. 9), arguing that Plaintiffs' claims should be dismissed pursuant to Rule 12(b)(6) for reasons similar to those advanced by U.S. Bank in its motion. Ocwen additionally joins U.S. Bank in its argument that Plaintiffs' claims should be barred by judicial estoppel and incorporates it into Ocwen's motion by reference.[4] Def.'s Mot. to Dismiss, Doc. 17 at 14, ¶ 28. As Defendants set forth several identical arguments in their respective motions, the court will consider both parties' arguments and briefs in its analysis.

## II.     Rule 12(b)(6) – Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more

---

[4] The court declines to rule on the issue of whether Plaintiffs' claims are barred by judicial estoppel at this time because the record regarding the bankruptcy proceeding is not adequately developed for the court to make such fact-intensive determination. Defendants may raise the issue of judicial estoppel in a motion for summary judgment when the record is more fully developed.

than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint and not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted). Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion

[that a court may] take judicial notice of matters of public record.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

### III.     Analysis

#### A.     Breach of Contract Claim

Although cast as a breach of contract claim, Plaintiffs assert in the Petition (Doc. 7-3) three separate issues: (1) breach of the Deed of Trust; (2) a violation of § 51.002(e) of the Texas Property Code; and (3) a lack of standing challenge. The court will address each issue in turn.

The court first addresses Plaintiffs' standing argument. Plaintiffs assert that Defendants lack standing to enforce the contractual provisions of the Loan because:

> U.S. Bank has never been assigned, transferred or conveyed any interest in the Plaintiffs' Loan, nor was the Note ever endorsed to Defendant U.S. Bank, and its/their attempt to enforce any portion of the Loan Agreement, including specifically, the power of sale provision of the Deed of Trust also constitutes a material breach of contract and failure of condition precedent[.]

*Id*. at 12, ¶ 34. Plaintiffs contend that "the only assignment filed of record in the Dallas County Clerk's office is the assignment from the Original Lender to Deutsche Bank Trust Company Americas as Trustee for RALI 2004-QS15." *Id*., ¶ 35. Plaintiffs contend that the trust entity designated as "RALI 2004-QS15" is "not one and the same as the trust entity of which Defendant U.S. Bank purport[s] to be the trustee," which is designated as the "NRZ Pass-Through Trust IX." *Id*.

In response, Defendants argue that, attached to its 736 Application, is an assignment from MERS to Deutsche Bank and a subsequent assignment from Deutsche Bank to U.S. Bank. As previously stated by the court, the court will consider the full 736 Application filed in state court attached to Defendants' appendices. *See supra* n.2. The 736 Application includes an Assignment of Deed of Trust, dated November 13, 2012, that states MERS, as nominee for Homecomings Financial Network, Inc., grants, assigns, and transfers to "Deutsche Bank Trust Company

Americas as Trustee for RALI 2004-QS15, In C/O GMAC Mortgage, LLC, 1100 Virginia Drive,

Fort Washington PA 19034":

> all beneficial interest under a certain Deed of Trust dated September
> 8, 2004 executed by David H. Trieger and Janet M. Trieger and
> recorded in Book 183 on Page(s) 08325 as Document Number
> 3065751 on September 22, 2004 in the office of the Counter Clerk
> of Dallas County, Texas. Mortgage Amount: $80,000.

Def.'s App., Doc. 11 at 41. Included in the 736 Application but not attached to Plaintiffs' Petition

is a second Corporate Assignment of Deed of Trust, dated May 21, 2018, that lists "Deutsche Bank

Trust Company Americas as Trustee for RALI 2004-QS15" as the assignor, and "U.S. Bank

National Association as Trustee of NRZ Pass-Through Trust IX" as the assignee. Def.'s App.,

Doc. 11 at 43. The Assignment names Homecomings Financial Network as the original lender;

designates the Deed of Trust as Instrument Number 3065751, dated September 8, 2004; and

references the address of the Property at 9648 Fallbrook Drive, Dallas, Texas, 75243. The

assignment states:

> the said Assignor [Deutsche Bank] hereby assigns unto the above-
> named Assignee [U.S. Bank] the said Deed of Trust having an
> original principal sum of $80,000.00 with interest, secured thereby,
> and the benefit of all the powers and of all the covenants and
> provisos therein contained, and the said Assignor hereby grants and
> conveys unto the said Assignee, the Assignor's interest under the
> Deed of Trust.

*Id*. Defendants argue that these two Certificate of Assignments, filed publicly and attached to the

736 Application that Plaintiffs received in the state court proceeding, establish a valid chain of

assignments of the Deed of Trust from Homecomings Financial Network to Deutsche Bank, and

from Deutsche Bank to U.S. Bank. U.S. Bank argues that, accordingly, it is the latest assignee of

record and the mortgagee of the Loan.

In response to Plaintiffs' assertion that the trust entity established by Deutsche Bank ("RALI 2004-QS15") is not the same trust entity established by U.S. Bank ("NRZ Pass-Through Trust IX"), Defendants first argue that this issue was first raised in Plaintiffs' response and is, therefore, not properly before the court. Def.'s Mot. to Dismiss, Doc. 22 at 3. The court disagrees. The Petition expressly sets forth this argument under the first cause of action, wherein Plaintiffs argue that Defendants lack standing to enforce the Loan. Plaintiffs argue that the Deutsche Bank Trust Company Americas as Trustee for RALI 2004-QS15 is a trust entity that:

> is not one and the same as the trust entity of which Defendant U.S. Bank purport[s] to be the trustee, nor is the trust entity even the same trust under which Defendant U.S. Bank claims ownership of Plaintiffs' loan, i.e. the NRZ Pass-Through Trust IX is NOT the same trust as the RALI 2004-QS15 Trust that was actually assigned Plaintiffs' loan by the Original Lender to Deutsche Bank, as Trustee[.]

Pls.' Pet., Doc. 7-3 at 12. Although the argument is incorrectly cast as a breach of contract claim, the court determines that Plaintiffs' assertions in the Petition sufficiently put Defendants on notice for the basis of a claim that the discrepancies in the trust entities may have caused a break in the chain of assignments from the original lendor to U.S. Bank, which would render U.S. Bank without standing to enforce the Deed of Trust.

Defendants also argue that the court should not consider Plaintiffs' argument because Plaintiffs "provide no basis in law for why the Deed of Trust could not be assigned to another trust or that such an assignment would be rendered void." Def.'s Mot. to Dismiss, Doc. 22 at 4. Defendants do not, however, provide any authority to the court that a Deed of Trust *can* be assigned to another trust without invalidating a chain of assignments. Without further briefing and information from the parties on this issue, the court cannot ascertain whether the discrepancies in the trust entities used by Deutsche Bank and U.S. Bank with respect to the loan are of consequence

as to whether U.S. Bank is the valid assignee of the Loan. The court, accordingly, does not believe that the standing challenge can be resolved at the pleading stage, and the issue should, rather, be addressed in a summary judgment motion, rather than in a Rule 12(b)(6) motion. Accordingly, the court **denies** Defendants' motion to dismiss insofar as it contends that Plaintiffs' standing challenging based on the discrepancies in the trust entities are without merit and that U.S. Bank is the valid mortgagee on record.

The court turns next to Plaintiffs' breach of contract claim. Plaintiffs assert that Defendants breached the Deed of Trust by seeking to accelerate the Loan and filing the 736 Application to obtain an order allowing non-judicial foreclosure of the Property without first providing them notice pursuant to paragraph 21 of the Deed of Trust. Pls.' Pet., Doc. 7-3 at 10, ¶ 29. Plaintiffs contend that, as a result of these breaches, they have incurred actual damages, although they do not state the nature of such damages. *Id*. In response, Defendants argue that no breach occurred because a foreclosure sale never took place and, as no sale took place, Plaintiffs incurred no damages.

The court determines that Plaintiffs have not sufficiently pleaded a breach of contract claim. To sufficiently plead a breach of contract claim, a plaintiff must set forth allegations that show: (1) a valid contract exists; (2) the plaintiff performed or tendered performance as contractually required; (3) the defendant breached the contract by failing to perform or tender performance as contractually required; and (4) the plaintiff sustained damages due to the breach. *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n.21 (Tex. 2018). With respect to whether a valid contract exists, Plaintiffs have argued that U.S. Bank is not the assignee of record for the Deed of Trust. If this assertion is proved true at a later stage of the proceedings, a valid contract would not exist between Plaintiffs and Defendants. Moreover, Plaintiffs have failed to set

forth any specific allegations regarding damages with respect to their breach of contract claim. The Petition states in conclusory fashion that they have sustained "actual damages" due to Defendants breach but does not state the nature of such damages. *See* Pls.' Pet., Doc. 7-3 at 11, ¶¶ 30, 33. Further, Defendants argue, and the record so reflects, that there has been no foreclosure with respect to the Property, which Plaintiffs do not contest. Finally, in their Response, Plaintiffs do not make any arguments in support of their claim, specifically with respect to the paucity of allegations regarding damages, and instead seek leave to amend their claim. For these reasons, the court determines that Plaintiffs have not adequately set forth that Defendants are liable for breach of contract and **grants** Defendants' motion to dismiss this claim. The court will later address whether Plaintiffs are entitled to amend their breach of contract claim pursuant to the request made in their Response.

Finally, the court addresses Plaintiffs' allegations regarding a potential violation of the Texas Property Code. Plaintiffs assert that Defendants are required to provide notice of default and an opportunity to cure pursuant to the Texas Property Code before initiating foreclosure proceedings. Pls.' Pet., Doc. 7-3 at 10, ¶ 30. Plaintiffs contend that "at no point [following the Chapter 13 bankruptcy proceeding] have any of the defendants ever provided Plaintiffs with any Notice of Default and Opportunity to Cure." *Id*. In response, Defendants argue that Ocwen sent a notice of default to the Triegers on or about September 9, 2017. Def.'s Mot. to Dismiss, Doc. 10 at 4 (citing Def.'s App., Doc. 11 at 43-60). Defendants argue that the notice of default advised the Triegers that the Loan was in default and that they had at least 30 days until October 12, 2017, to pay the reinstatement amount before Ocwen could proceed with acceleration and foreclosure. Def.'s Mot. to Dismiss, Doc. 10 at 4; Def.'s Mot. to Dismiss, Doc. 17 at 6. Ocwen argues that, to the extent Plaintiffs contend that they did not receive the notice, neither the Loan contract nor the

Texas Property Code require that they actually receive the notice and, rather, constructive notice is sufficient. Def.'s Mot to Dismiss, Doc. 17 at 6. Ocwen argues that the Deed of Trust specifically states that "[a]ny notice to Borrower in connection with this Security Instrument shall be deemed to have been given when mailed by first class mail." *Id.* (citing ¶ 14 of the Deed of Trust, Def.'s App., Doc. 18-1 at 14). Ocwen argues that, moreover, § 51.002(e) of the Texas Property Code provides that a borrower has constructive notice of a notice of default when it is deposited in the mail and, therefore, the notice requirement was met when Ocwen delivered the notice of default on September 9, 2017.

Section 51.002(e) of the Texas Property Code specifically states:

> Service of a notice under this section by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address. The affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service.

Tex. Prop. Code Ann. § 51.002(e) (West 2014). The notices of default sent separately to Janet M. Trieger and David H. Trieger on September 5, 2017, are addressed to "703 Mckinney Suite 311 Dallas, Texas, 75202," and on the notice of default sent to David H. Trieger, the address line includes the name "Andrew B. Nichols." Def.'s App., Doc. 11 at 48, 57. The address at 703 Mckinney does not correspond with the Triegers' residential homestead address at the Property, 9648 Fallbrook Dr., Dallas, Texas, 75243. Moreover, the Notice of Acceleration sent on November 16, 2017, is sent to David H. Trieger at 9648 Fallbrook Drive. Def.'s App., Doc. 18-1. As Section 51.002(e) requires notices to be sent to the "debtor's last known address," the court does not understand why two different addresses were used by Defendants to issue notices to Plaintiffs, as only one address should constitute "the debtor's last known address," per the singular language of the statute. The discrepancies in the addresses leads the court to reasonably infer that the Triegers'

last known address was not relied upon by Defendants to issue both the notice of default and notice of acceleration. Neither party explains why the 703 Mckinney address was used to issue the notices of default, and Defendant does not explain why the notice of default issued to David H. Trieger was also addressed to Andrew B. Nichols. Defendants also do not argue that notice may be addressed to a third-party non-debtor in satisfaction of the requirements under § 51.002(e), which clearly states that notice must be addressed to the debtor.

Defendants attach the Affidavit of Lori Liane Long in connection with the copies of the notices of default. Def.'s App., Doc. 18-1 at 82. To the extent Defendants include this affidavit as prima facie evidence of service, the court determines that it is inadequate. Section 51.002(e) requires that the affiant be "a person knowledgeable of the facts to the effect that service was completed." The affidavit states generally that the affiant is the custodian of records with respect to the Loan, and that the records attached to the affidavits are made and maintained in the regular course of business. The affidavit makes no mention of whether service of the notices of default was effected on the Triegers at their last known address, or whether the notices were sent by certified mail with prepaid postage. The court accordingly determines that the affidavit does not constitute prima facie evidence of notice as defined by § 51.002(e).

The court, therefore, determines that the Triegers have sufficiently alleged that they did not receive notice of default and opportunity to cure pursuant to the requirements set forth in the Texas Property Code. Although the Triegers did not expressly plead a violation of the Texas Property Code, the Petition adequately puts Defendants on notice of this claim. The court, therefore, **denies** Defendants' motion to dismiss with respect to the Triegers' claim for failure to provide adequate notice pursuant to the Texas Property Code.

### B. Fraud Claim

Plaintiffs contend that Defendants committed fraud by purporting to be the mortgagee and servicer of the Loan based on Plaintiffs' allegations that the assignment of the Deed of Trust was invalid, and U.S. Bank did not endorse the Note. Plaintiffs contend that Defendants' efforts to enforce the Loan agreement are "false representations of material fact, which false representations of fact Plaintiffs relied upon to their detriment, and are a producing cause of the actual damages sustained." Pls.' Pet., Doc. 7-3 at 13, ¶ 38. Plaintiffs allege that Defendants knew that they were not the assignee to the Deed of Trust when they filed the 736 Application seeking to initiate foreclosure proceedings with respect to the Property. *Id*. at 13-14, ¶¶ 39-40.

In response, Defendants argue that Plaintiffs' fraud claim is barred by the economic loss doctrine because it relies on factual allegations that support its breach of contract claim. Def.'s Mot. to Dismiss, Doc. 10 at 9. Defendants argue that the economic loss doctrine prevents a plaintiff from bringing both a breach of contract claim and a tort claim unless he or she can "establish that he [or she] suffered an injury that is distinct, separate, and independent from the economic losses recoverable under a breach of contract claim." Def.'s Mot. to Dismiss, Doc. 10 at 9 (quoting *Smith v. JPMorgan Chase Bank, N.A.*, 519 F. App'x 861, 865 (5th Cir. 2013)). Defendants further argue that they did not commit fraud because they are the valid mortgagee and servicer of the Loan.

Under Texas law, the economic loss rule "generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract." *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 12 (Tex. 2007). Tort damages are generally not recoverable if the defendant's conduct "would give rise to liability only because it breaches the parties' agreement." *Southwestern Bell Tel. Co v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991).

The court determines that, at this stage of the proceedings, the application of the economic loss doctrine is premature. As stated previously, the court denies Defendants' motion to dismiss Plaintiffs' standing challenge because there are discrepancies between the trust entities designated in the chain of corporate certificates of assignment. To the extent that, at a later stage of the proceedings, there is evidence that U.S. Bank is not the valid assignee of record for the Loan, then the Deed of Trust does not constitute a binding agreement between the parties. Should that be the case, the economic loss doctrine would not apply, and Plaintiffs' fraud claim would be viable based on its allegations that Defendants knowingly misrepresented that they were authorized to act pursuant to the Deed of Trust. The court, accordingly, **denies** Defendants' motion to dismiss Plaintiffs' fraud claim based on the economic loss doctrine.

### C.    RESPA Violation

Plaintiffs allege that Defendants violated RESPA because they "purported to pay property taxes that Plaintiffs had already legally deferred and were not yet due and payable, and then subsequently unilaterally created an unnecessary escrow account and increased the Plaintiffs' monthly payments, all of which . . . demonstrate a pattern or practice of mismanagement of the Plaintiffs' federally related mortgage loan." Pls.' Pet., Doc. 7-3 at 15-16, ¶ 43. Plaintiffs specifically assert a violation under 12 U.S.C. § 2605(g), which regulates the administration of escrow accounts and provides:

> If the terms of any federally related mortgage loan require the borrower to make payments to the servicer of the loan for deposit into an escrow account for the purpose of assuring payment of taxes, insurance premiums, and other charges with respect to the property, the servicer shall make payments from the escrow account for such taxes, insurances, premiums, and other charges in a timely manner as such payments become due. Any balance in any such account that is within the servicer's control at the time the loan is paid off shall be promptly returned to the borrower within 20 business days or

> credited to a similar account for a new mortgage loan to the borrower with the same lender.

Plaintiffs contend that, in 2012, they entered into an agreement with the Dallas County taxing authorities "to significantly reduce their property taxes because they qualified for an over 65 homestead exemption." Pls.' Pet., Doc. 7-3 at 5, ¶ 15. They allege that the agreement was confirmed in writing by the Dallas County taxing authorities in a letter dated October 1, 2012. *Id.* at 5-6, ¶ 15. Plaintiffs allege that Ocwen paid their 2012 property taxes and established an escrow account for purposes of paying the taxes, which increased their monthly loan payments from $495 to $1,400. *Id.* at 6, ¶ 17. Plaintiffs contend that they subsequently provided proof of the tax deferment to Ocwen, but it declined to cancel the escrow account. *Id.* at 6-7, ¶ 18.

In Ocwen's Motion to Dismiss, it argues that Plaintiffs' tax deferral arrangement breached the terms of the Deed of Trust, and, accordingly, Ocwen and U.S. Bank were entitled to pay the property taxes and create the escrow account. Def.'s Mot. to Dismiss, Doc. 17 at 8. Ocwen cites paragraph four of the Deed of Trust, which states, "Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument[.]" Def.'s App., Doc. 18-1 at 38. The term further provides, "Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower . . . agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement." *Id.*

Ocwen argues that Plaintiffs' tax deferral created a tax lien on the Property that took priority over U.S. Bank's Security Instrument pursuant to §§ 33.06(d) and 32.05(b)(2) of the Texas Tax Code. As the lien took priority over U.S. Banks's Security Instrument, Ocwen argues that Plaintiffs were required, pursuant to the Security Instrument's terms, to discharge the tax lien unless the deferral was acceptable to the lender. Def.'s Mot. to Dismiss, Doc. at 9. Ocwen states

that it did not consent to the arrangement and, accordingly, Plaintiffs were not excused from performing the requirements of the Security Instrument, including discharging the liens and paying the taxes.

Plaintiffs did not file a response to Ocwen's Motion to Dismiss. When a plaintiff fails to defend a claim in response to a motion to dismiss or summary judgment motion, the claim is deemed abandoned. *See Black v. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (concluding that the plaintiff abandoned her retaliatory abandonment claim when she failed to defend the claim in response to a motion to dismiss); *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1164 (5th Cir. 1983) (explaining that a plaintiff, "in his opposition to a motion for summary judgment cannot abandon an issue and then . . . by drawing on the pleadings resurrect the abandoned issue."). Plaintiffs, moreover, did not address this argument in their response to U.S. Bank's motion to dismiss.[5] Accordingly, Plaintiffs have abandoned their RESPA claim against Ocwen, and the court, therefore, **grants** Ocwen's motion to dismiss with respect to this claim. As U.S. Bank does not address this argument in its Motion to Dismiss, and Plaintiffs assert the REPSA claim against it in the Petition, a RESPA claim remains against U.S. Bank.

### D.  TDCA Violations

Plaintiffs allege that Defendants violated §§ 392.304(a)(8),[6] (14),[7] and (19) of the TDCA, which respectively prohibit a debt collector from "misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental

---

[5] Plaintiffs filed their Response to U.S. Bank's Motion to Dismiss on March 8, 2019, after Ocwen filed its Motion to Dismiss on February 28, 2019.

[6] In the Petition, Plaintiff incorrectly cites § 392.301(a)(8), which prohibits a debt collector from threatening to take an action prohibited by law. Pls.' Pet., Doc. 7-3 at 16, ¶ 49. The correct statutory provision prohibiting misrepresentations of a consumer's debt or debt status in a judicial or governmental proceeding is § 392.304(a)(8).

[7] Plaintiff also incorrectly cites § 392.301(a)(14), a statutory provision which does not exist under the TDCA. Pls.' Pet., Doc. 7-3 at 16, ¶ 49. The correct provision prohibiting the alleged conduct is set forth in § 392.304(14).

proceeding"; "representing falsely the status or nature of the services rendered by the debtor collector or the debt collector's business"; and "using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer." Plaintiffs allege that Defendants, by purporting to be the mortgagee and servicer of the Loan, misrepresented their authority to collect payments on it. Pls.' Pet., Doc. 7-3 at 17, ¶ 51. Plaintiffs further base their TDCA violations on Defendants' failure to provide notice of default and opportunity to cure and attempts to accelerate the loan and initiate foreclosure proceedings, and Defendants' creation of the escrow account that resulted in Plaintiffs owing higher monthly payments. *Id.* at 16, ¶ 48; *id.* at 17, ¶ 50. In response to these allegations, Defendants argue that, because there has been no foreclosure on the Property, Plaintiffs have failed to establish actual damages as required to plead a TDCA claim. Def.'s Mot. to Dismiss, Doc. 10 at 9; Def.'s Mot. to Dismiss, Doc. 17 at 7.

The TDCA provides that a plaintiff "may sue for: (1) injunctive relief to prevent or restrain a violation of this chapter; and (2) actual damages sustained as a result of this chapter." Tex. Fin. Code § 392.403. Although there has been no foreclosure on the Property, Plaintiffs allege that, as a result of the escrow account's creation and resulting increase to their monthly loan payments by "several hundred dollars per months," they incurred actual damages. Pls.' Pet., Doc. 7-3 at 17. The court determines that these allegations regarding improper payments constitute sufficient actual damages to plead a TDCA claim. As Defendants set forth no additional arguments in support of dismissal of Plaintiffs' TDCA claims, the court **denies** their motions to dismiss with respect to this claim because it determines Plaintiff has adequately pleaded actual damages related to allegedly improper increases to their monthly loan payments.

### E.    Amendment of Pleadings

In Plaintiffs' Response to U.S. Bank's Motion to Dismiss, they request leave of the court to replead their breach of contract claim. The decision to allow amendment of a party's pleadings pursuant to Rule 15(a)(2) of the Federal Rule of Civil Procedure is within the sound discretion of the court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether the allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

In this case, Plaintiffs have not previously amended their pleadings, and the court does not believe an amendment would be futile or that the request is made in bad faith. Further, the court does not believe that Defendants will be unduly prejudiced, as no scheduling order has been issued in this case. The court, therefore, **grants** Plaintiffs' request to replead their breach of contract claim. The court notes that, as previously discussed with respect to this claim, Plaintiffs' breach of contract case, as alleged in the Petition, actually alleges three separate claims: breach of contract, a violation of the Texas Property Code, and a standing challenge. The court **directs** Plaintiffs to set forth these claims separately, using the standard set forth in this opinion, in an amended pleading if they choose to file one.

### IV.    Conclusion

For the reasons herein stated, the court **grants** Defendant U.S. Bank, N.A., as Trustee's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 9) insofar as it

seeks dismissal of the breach of contract claim and **denies** the motion insofar as it seeks dismissal of Plaintiffs' standing challenge, fraud claim, and alleged violations of the Texas Property Code, RESPA, and TDCA; **grants** Defendant Ocwen Loan Servicing, LLC's Motion to Dismiss (Doc. 17) insofar as it seeks dismissal of the breach of contract claim and RESPA violation asserted against it and **denies** the motion insofar as it seeks dismissal of Plaintiffs' standing challenge, fraud claim, and alleged violations of the Texas Property Code, RESPA, and TDCA; **dismisses without prejudice** Plaintiffs' claims for breach of contract against Defendants; **dismisses with prejudice** their RESPA claim against Ocwen; and **grants** Plaintiffs' request to amend their Petition with respect to the breach of contract claim pursuant to the court's instructions as set forth in this opinion. Plaintiffs shall file their amended petition by **August 29, 2019**. If Plaintiffs fail to file an amended pleading in accordance with the court's instructions, the court will dismiss with prejudice their breach of contract claim for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6), or dismiss it for failure to prosecute or comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).

**It is so ordered** this 15th day of August, 2019.

Sam A. Lindsay
United States District Judge