IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DAVID H. TRIEGER and JANET M. TRIEGER, | § § § |
| Plaintiffs, | § § |
| v. | § Civil Action No. **3:19-CV-100-L** |
| | § |
| OCWEN LOAN SERVICING, LLC and US BANK NATIONAL ASSOCIATION, AS TRUSTEE OF NRZ PASS-THROUGH TRUST IX, | § § § § § |
| Defendants. | § § |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Defendant U.S. Bank National Association, as Trustee of NRZ Pass-Through Trust IX's ("U.S. Bank") Motion for Final Summary Judgment (the "Motion") (Doc. 24), filed June 28, 2019. After careful consideration of the Motion,[1] summary judgment evidence, and applicable law, the court **grants** U.S. Bank's Motion for Final Summary Judgment.

**I.    Background**

Plaintiffs David H. Trieger and Janet M. Trieger ("Plaintiffs") originally filed this action against Defendants Ocwen Loan Servicing, LLC ("Ocwen") and U.S. Bank (collectively, "Defendants") on December 28, 2018, in the 134th Judicial District Court of Dallas County, Texas, asserting the following claims: (1) breach of contract; (2) fraud; (3) violations of the Real Estate Settlement Procedures Act ("RESPA"); and (4) violations of the Texas Debt Collection Act ("TDCA"). These claims arise from U.S. Bank's attempt to foreclose on the real property located

---

[1] Plaintiffs filed a motion requesting additional time to respond to U.S. Bank's Motion, which the court granted (Docs. 27 & 28). Pursuant to the court's order, Plaintiffs' response was due no later than August 2, 2019, but they never filed a response.

**Memorandum Opinion and Order – Page 1**

at 9648 Fallbrook Drive, Dallas, Texas, 75243 (the "Property"), which is legally described as follows:

> BEING LOT 8, BLOCK 8/8150 OF TOWN CREEK ADDITION, FIRST SECTION, AN ADDITION TO THE CITY OF DALLAS, DALLAS COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 72120, PAGE 808, MAP RECORDS, DALLAS COUNTY, TEXAS.

Pls.' Verified Pet. ¶ 10.

On September 8, 2004, Plaintiffs executed a Texas Home Equity Note (the "Note") from Homecomings Financial Network, Inc. ("Homecomings") in the amount of $80,000. To secure payment of the Note, Plaintiffs executed a Texas Home Equity Security Instrument ("Security Instrument"). The Note required Plaintiffs to make monthly payments of $499.10 beginning November 1, 2004, until the Note was paid in full. The original beneficiary of the Security Instrument was Mortgage Electronic Registration Systems ("MERS"). MERS later conveyed the Note and Security Instrument (collectively, the "Loan Agreement") to Deutsche Bank Trust Company as Trustee for RALI 2004-QS15 ("Deutsche Bank"), which is reflected in an Assignment of Deed of Trust, executed on November 13, 2012, and filed and recorded on November 16, 2012, in the Dallas County Clerk's Office. Def.'s App. 41-42.

Plaintiffs defaulted on payments due under the Loan Agreement when they stopped making payments on or about August 16, 2016. The Note provides that in the event of default and failure to cure within the proscribed 30-day period following notice of default, the Note holder may demand immediate payment of the unpaid balance due. On September 5, 2017, Deutsche Bank provided written notice of Plaintiffs' default and of its intent to accelerate all amounts due under the Note to Plaintiffs by certified and regular U.S. mail through their attorney.[2] Def.'s App. 5,

---

[2] In its Motion, U.S. Bank contends that Deutsche Bank mailed a Notice of Default and Intent to Accelerate to Plaintiffs at 9648 Fallbrook Drive, Dallas, Texas, 75246 (the correct zip code is 75243). U.S. Bank's evidence, however, directly contradicts this assertion. Instead, Ocwen, on behalf of Deutsche Bank, mailed Plaintiffs' notice to 703

119, 128. On November 16, 2017, after Plaintiffs failed to cure following the notice of default, Deutsche Bank, through its attorneys, provided a Notice of Acceleration via regular and certified mail to the Plaintiffs' last known address of 9648 Fallbrook Drive, Dallas, Texas, and to Plaintiffs' attorney of record. *Id.* at 5, 138, 141, 144, 147. Plaintiffs assert that they never received any of the aforementioned notices. Pls.' Verified Pet. ¶¶ 27, 30, 33.

Deutsche Bank later assigned the Loan Agreement to U.S. Bank, as Trustee of the NRZ Pass-Through Trust IX, which is reflected in an Assignment of Deed of Trust executed on May 21, 2018, and filed and recorded on June 6, 2018, in the Dallas County Clerk's Office. Def.'s App. 44-45. On June 27, 2018, U.S. Bank filed an Application for an Expedited Order Under Rule 736 on a Home Equity Loan, relying on the notices sent by Deutsche Bank in September 2017. *Id.* at 176-79. On November 30, 2018, the state court entered a Home Equity Foreclosure Order, but the enforcement was delayed when Plaintiffs filed this suit on December 28, 2018. *Id.* at 249-50.

On January 11, 2019, Defendants removed this action to federal court based on diversity jurisdiction. On that same day, U.S. Bank filed its counterclaim against Plaintiffs, seeking to foreclose on the Property. On February 1, 2019, Ocwen filed a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. On February 28, 2019, U.S. Bank filed a motion to dismiss on the same basis. On April 10, 2019, U.S. Bank provided Plaintiffs a Notice of Default and Intent to Accelerate via certified and regular mail sent to their last known address, 9648 Fallbrook Drive, and to their new attorney of record. Def.'s App. 6, 151, 153, 155, 157. On June 13, 2019, after Plaintiffs failed to cure the default, U.S. Bank provided Plaintiffs

---

McKinney Avenue, Suite 311, Dallas, Texas, 75202. Andrew Nichols is included as the addressee, so it is possible that this was an attorney or agent of Plaintiffs at the time. The evidence, however, does not allow the court to reasonably infer that this was the appropriate address to which the notices should have been mailed, as section 51.002(e) of the Texas Property Code requires that notices be sent to the debtor's last known address. Nonetheless, notices sent by Deutsche Bank and any possible deficiencies have no bearing on the court's resolution of U.S. Bank's counterclaim.

and their attorney, via certified and regular mail, a Notice of Acceleration. *Id.* at 6, 163-70. As Plaintiffs did not file a response to this Motion, it is unclear whether they received these notices.[3] On June 28, 2019, U.S. Bank filed this Motion related to its counterclaim. As of July 19, 2019, the unpaid amount on the Note is $93,012.99, which includes, but is not limited to, a principal balance of $64,505.88, interest in the amount of $11,963.67, and late fees in the amount of $11,378.13. *Id.* at 172.

## II. Motion for Summary Judgment Standard - No Response Filed

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

---

[3] Under Section 51.002(e) of the Texas Property Code, "[s]ervice of notice under this section by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address." Additionally, an affidavit from "a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service." Tex. Prop. Code § 51.002(e). Accordingly, Plaintiffs need not receive the notices for service to be completed. *See LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534-35 (5th Cir. 2016) ("Texas courts have recognized that the dispositive inquiry 'is not *receipt* of notice, but, rather, *service* of notice.'") (citations omitted).

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). On the other hand, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant[,] he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Id.* (citation omitted). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id*. If the nonmoving party fails to make a showing sufficient to establish the existence

of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

Plaintiffs did not file a response to the summary judgment motion. This failure, of course, does not permit the court to enter a "default" summary judgment. *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). A court, however, is permitted to accept the movant's facts as undisputed when no response or opposition is filed. *Id*. Normally, "[a] summary judgment nonmovant who does not respond to the motion is relegated to [their] unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Schubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). In this case, however, there is testimony presented by way of Plaintiffs' Verified Petition ("Verified Petition") that the court must consider because it is part of the record and constitutes competent summary judgment evidence.

## III. Discussion

In their Original Verified Petition ("Verified Petition") (Docs. 1-1 & 7-3), Plaintiffs assert that after the assignment of their loan to Deutsche Bank, no other assignments have been recorded in the official real property records of the Dallas County Clerk's Office. Pls.' Verified Pet. ¶¶ 12-13. Accordingly, they assert that U.S. Bank lacks standing to enforce any obligation under the Loan Agreement because there is no "written evidence whatsoever [that] demonstrates Defendant U.S. Bank is the current mortgagee or owner of the Plaintiffs' loan."[4] Pls.' Verified Pet. ¶ 26. Specifically, Plaintiffs note that:

> the only assignment filed of record in the Dallas County Clerk's Office is the assignment from the Original Lender to Deutsche Bank Trust Company Americas

---

[4] In their Response to U.S. Bank's Motion to Dismiss (Doc. 21), Plaintiffs acknowledge that they were unaware of the second Assignment of Deed of Trust between Deutsche Bank and U.S. Bank at the time they filed their Verified Petition and conceded that the assignment was recorded. Nonetheless, they maintained their assertion regarding the two different trusts.

> as Trustee for RALI 2004-QS15 [], which trust entity is not one and the same as the trust entity of which Defendant U.S. Bank purport[s] to be the trustee, nor is the trust entity even the same trust under which Defendant U.S. Bank claims ownership of Plaintiffs' Loan, i.e. **the NRZ Pass-Through Trust IX is NOT the same trust as the RALI 2004-QS15 Trust that was actually assigned Plaintiffs' loan by the Original Lender to Deutsche Bank, as Trustee**. . . .

Pls.' Verified Pet. ¶ 35. Additionally, Plaintiffs contend that neither

> Ocwen or U.S. Bank ever provided [them] with any Notice of Default and Opportunity to Cure notice which details the exact amount due to cure the default, or provide[d] [them] at least thirty (30) days to cure such default as expressly required under paragraph 21 of the Home Equity Deed of Trust and TEX. PROP. CODE §51.002(d), since the amount to cure default had substantially changed and been reduced after Defendant Ocwen had accepted both the bankruptcy trustee's arrearage payments and the direct monthly payments from the Plaintiffs during their bankruptcy proceeding.

*Id.* at ¶ 27.

U.S. Bank contends in its summary judgment motion that it has authority as the mortgagee to foreclose on the Property. Moreover, it contends that it qualifies as the mortgagee "as the last person to whom the Security Instrument was assigned." Def.'s Mot. for Summ. J. ¶ 19. U.S. Bank also contends that Plaintiffs are still in default under the Note, even after being given notice and an opportunity to cure. Thus, according to U.S. Bank, it is entitled to foreclose on the Property.

Home equity loans in Texas must be foreclosed judicially. *See* Tex. Const., art. XVI, § 50(a)(6)(D); Texas Rule of Civil Procedure 735.1. Accordingly, U.S. Bank seeks a judgment granting the judicial foreclosure of the Property or, in the alternative, a judgment for foreclosure with an order of sale in accordance with the Loan Agreement and Texas Rule of Civil Procedure 309 as well as an order of possession pursuant to Texas Rule of Civil Procedure 310. Texas Rule of Civil Procedure Rule 736 governs the elements required for initiating a foreclosure proceeding. To initiate such a proceeding, "the lender must demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution; (3) plaintiffs are in

default under the note and security instrument; and (4) plaintiffs received notice of default and acceleration." *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), *aff'd*, 583 F. App'x 306 (5th Cir. 2014).

In support of its summary judgment motion, U.S. Bank submitted declarations and records showing: (1) the existence of the Note and Security Instrument; (2) Plaintiffs' default under the Note; (3) the assignment from MERS to Deutsche Bank; (4) the assignment from Deutsche Bank to U.S. Bank; (5) its status as mortgagee as a result of the assignment; (6) notices of default and intent to accelerate provided by Deutsche Bank and U.S. Bank; and (7) notices of acceleration provided by Deutsche Bank and U.S. Bank. Based on this evidence, the court can reasonably determine that U.S. Bank is entitled to foreclose on the Property. Plaintiffs, however, allege in their Verified Petition that U.S. Bank does not have standing to foreclose on their Property, as the Deed of Trust was never assigned to U.S. Bank, which is demonstrated by the different trusts associated with it and Deutsche Bank in the Assignment of Deed of Trust. Pls.' Verified Pet. ¶ 35; *see* Def.'s App. 44-45. As the Plaintiffs' Petition is verified, this statement is deemed competent summary judgment evidence, which the court must consider in its analysis.

Based on the evidence presented, the court determines that Plaintiffs' lack of standing argument is an insufficient basis to challenge U.S. Bank's right to foreclose on the Property. As previously stated, Plaintiffs, in their Verified Petition, allege that there is no assignment of the Deed of Trust between Deutsche Bank and U.S. Bank because of the different trusts identified in the document. Pls.' Verified Pet. ¶ 35. It is well-established under Texas law, however, that "facially valid assignments cannot be challenged for want of authority except by the defrauded assignor." *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 228 (5th Cir. 2013). Additionally, "an obligor cannot defend against an assignee's efforts to enforce the obligation

[under the security instrument] on a ground that merely renders the assignment voidable at the election of the assignor." *Id.* at 225. The obligor, however, "may defend on any ground which renders the assignment void." *Id.* at 225 (emphasis, internal quotations, and citation omitted). For example, "mortgagors can defend against foreclosure by establishing a fatal defect in the purported mortgagee's chain of title." *Id.* at n.8 (citation omitted).

Considering Plaintiffs' assertion that U.S. Bank lacks standing because of an invalid assignment, the court can reasonably infer that they contend that the naming of different trusts in the Assignment of Deed of Trust constitutes a defect in the chain of title. Plaintiffs fail, however, to put forth any additional evidence, beyond a conclusory allegation in their Verified Petition, supporting that proposition or demonstrating that such a defect is fatal to U.S. Bank's assignment. Stated another way, they fail to present evidence demonstrating a basis on which the assignment should be void, and, therefore, not merely voidable. On the other hand, U.S. Bank has presented as evidence the Assignment of Deed of Trust designating it as the assignee and current mortgagee of the Property. Plaintiffs did not respond to U.S. Bank's Motion and, accordingly, did not present any additional evidence in defense of its assertion that there was a defect in the chain of title. The court, therefore, determines that the Assignment of Deed of Trust, filed and recorded on May 21, 2018 in the Dallas County Clerk's Office, assigning the Property from Deutsche Bank to U.S. Bank is facially valid. Moreover, pursuant to *Reinagel*, Plaintiffs' challenge to the foreclosure based on U.S. Bank's alleged lack of standing is without merit. Accordingly, Plaintiffs have failed to demonstrate that a genuine dispute of material fact exists, as it relates to the validity of the assignment from Deutsche Bank to U.S. Bank. The court, therefore, concludes that U.S. Bank, pursuant to a valid assignment, has standing to initiate a foreclosure proceeding.

The court further concludes that Plaintiffs waived or abandoned any argument that there was a defect in the assignment that rendered it void. While Plaintiffs presented this argument in their Verified Petition and response to U.S. Bank's motion to dismiss, they did not file a response to the present Motion in defense of this argument. Accordingly, the court determines that Plaintiffs have waived it. *See Black v. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (stating that the plaintiff abandoned a claim when she failed to defend it beyond her initial pleading); *see also Keenan v. Tejeda*, 290 F.3d 252, 262 (5th Cir. 2002) (noting that "an issue raised in the complaint but ignored at summary judgment may be deemed waived []"). The court, therefore, concludes that this is another basis on which Plaintiffs' challenge to the foreclosure fails.

Considering the discussion herein, the court determines that there is no genuine dispute of material fact that a debt secured by the Property exists; that Plaintiffs are obligated to pay the debt secured by the Property; that Plaintiffs defaulted under the Loan Agreement; and that U.S. Bank provided Plaintiffs with the requisite notice to cure the default and its intention to accelerate the maturity of the debt under the Loan Agreement. As U.S. Bank has established that no genuine dispute of material fact exists regarding its counterclaim for foreclosure, it is entitled to judgment as a matter of law. Accordingly, the court will grant U.S. Bank's summary judgment motion as to its counterclaim and allow it to proceed with foreclosure of the Property.

## IV. Attorney's Fees

U.S. Bank seeks to recover attorney's fees and costs pursuant to the Loan Agreement. It contends in their Counterclaim that they are entitled to recover the attorney's fees and costs, including interest, [2] incurred in connection with their attempt at enforcing and collecting amounts

---

[2] In its Counterclaim, U.S. Bank requested to "recover its interest." Def.'s Counterclaim 5. Because U.S. Bank seeks foreclosure of the Property rather than monetary damages resulting from Plaintiffs' default under the Note, the court will not award any interest.

due under the Note. U.S. Bank does not address the request for attorney's fees in their summary judgment motion. The court, therefore, will consider postjudgment U.S. Bank's request for attorney's fees pursuant to Federal Rule of Civil Procedure 54(d).

## V.     Conclusion

For the reasons set forth herein, the court **grants** U.S. Bank's Motion for Final Summary Judgment (Doc. 24); **grants** U.S. Bank's request for judicial foreclosure; and **allows** U.S. Bank to **proceed** with the foreclosure of the Property located at 9648 Fallbrook Drive, Dallas, Texas, 75243,[5] of which the legal description is:

> BEING LOT 8, BLOCK 8/8150 OF TOWN CREEK ADDITION, FIRST SECTION, AN ADDITION TO THE CITY OF DALLAS, DALLAS COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 72120, PAGE 808, MAP RECORDS, DALLAS COUNTY, TEXAS.

and said foreclosure **shall** proceed in accordance with the Note, Security Instrument, and the Texas Property Code applicable to judicial foreclosure. U.S. Bank **shall** provide to Plaintiffs and Plaintiffs' counsel by certified mail notice of the foreclosure sale. U.S. Bank may communicate with Plaintiffs and all third parties reasonably necessary to conduct the foreclosure sale. U.S. Bank **shall** file a certified copy of this opinion and order and corresponding judgment in the real property records of the county where the property is located within **14 business days** of their entry on the docket sheet. Failure to timely record this opinion and order and corresponding judgment, however, shall not affect the validity of any foreclosure. Pursuant to Rule 58 of the Federal Rules of Civil Procedure, the court will enter a judgment by separate document. Additionally, the court will consider the issue of attorney's fees postjudgment pursuant to Federal Rule of Civil Procedure 54(d).

---

[5] Pls.' Verified Pet. ¶ 10; Def.'s App. 17.

**Memorandum Opinion and Order – Page 11**

**It is so ordered** this 22nd day of October, 2019.

_____
Sam A. Lindsay
United States District Judge